UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                         :
EMIL ROSUL,                              :
                                         :     CASE NO. 1:15-CV-00996
               Plaintiff,                :
                                         :
v.                                       :     OPINION & ORDER
                                         :     [Resolving Doc. 3]
JURGEN KLOCKEMANN, ET AL.,               :
                                         :
               Defendants.               :
                                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff Emil Rosul moves for a temporary restraining order ("TRO") against Defendants

Jurgen Klockemann and Copley Motorcars Corporation.[1]  In short, Plaintiff Rosul says he paid

Defendant Klockemann over $100,000 to restore his rare 1971 Mercedes Benz 280 SE 3.5 Cabriolet.

Klockemann performed the restoration between 2013 and 2014.  When Plaintiff Rosul received the

Mercedes, however, he found that Klockemann had stripped many of its original components—most

notably the transmission—and replaced them with inferior parts.  Plaintiff has since discovered that

Klockemann installed his original transmission in a Mercedes owned by Defendant Copley

Motorcars that is the same make and model.

        On May 19, 2015, Plaintiff Rosul sued Defendants for unjust enrichment and conversion,[2]

and simultaneously moved for a TRO.  Plaintiff alleges that Defendants conspired to take the parts

from his Mercedes and transfer them to Copley's Mercedes.  The Court held a hearing on the TRO

---

[1] Doc. 3.
[2] Doc. 1.  Plaintiff also sued Defendant Klockemann for fraud, breach of contract, and violations of Ohio's
consumer protection laws.

-1-

Case No. 1:15-CV-00996
Gwin, J.

motion on May 20, 2015.  Plaintiff Rasul and his counsel appeared, as did counsel for Defendant

Klockemann; no representative for Defendant Copley Motorcars was present, although they were

given notice of the hearing.[3/]  At the conclusion of the hearing, the Court orally granted the motion

for a TRO.  This written opinion and order supplements the Court's decision.[4/]

The Court applies the traditional four-part test to determine whether a TRO is appropriate.

The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2)

the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the

plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve

the public interest.[5/]

First, Plaintiff has a substantial likelihood of success on the merits if he can produce evidence

supporting his allegations.  Specifically, Plaintiff has alleged that Defendants have wrongfully taken

his property to his detriment, which would constitute conversion.[6/]

Second, a temporary restraining order is necessary to prevent irreparable injury.  In the

context of a TRO, Plaintiff must show "specific facts in an affidavit or verified complaint clearly

show[ing] that immediate and irreparable injury, loss, or damage will result to the movant."[7/]

Because of Plaintiff Rosul's high likelihood of success on the merits, he does not need to show a

particularly grave injury to justify a TRO.[8/]  Because of the extremely rare nature of the Mercedes

Cabriolets at issue here, replacement parts are hard to find, thus making it difficult to restore Plaintiff

---

[3/]*See* Doc. 7 (describing steps taken to give notice to Defendants and their counsel).
[4/]*See* Fed. R. Civ. P. 65(d)(1).
[5/]*See, e.g.*, *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550–51 (6th Cir. 2004).
[6/]*See* 18 Ohio Jur. 3d Conversion & Replevin § 2 (2015).
[7/]Fed. R. Civ. P. 65(b)(1)(A).
[8/]*See* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2591 at n.47 & accompanying text (3d ed. 2014).

-2-

Case No. 1:15-CV-00996
Gwin, J.

Rasul's car if Defendants dispose of the parts.

Third, there is little risk of harm to Defendants as they will only be prohibited from disposing of the parts during the period of the restraining order.[9]  The potential harm to Plaintiff Rosul from disposing of his car's parts far outweighs this.

Fourth, to the extent that any public interest is implicated here, the Court finds that the public interest would be served by granting the TRO.

For the foregoing reasons, the Court **GRANTS** Plaintiff Emil Rosul's motion for a TRO. Defendant Copley Motorcars Corporation shall not drive, sell, use, or otherwise dispose of the Mercedes Cabriolet bearing chassis number 11102712002634 currently in its possession. Defendants Jurgen Klockemann and Copley Motorcars Corporation shall not sell, use, or otherwise dispose of any parts or components they possess that were removed from Plaintiff Emil Rasul's Mercedes Cabriolet.  This TRO will be in effect for fourteen days,[10] starting from the time that Plaintiff posts a $1,000 bond.[11]

IT IS SO ORDERED.

Dated: May 21, 2015                          s/          *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[9] At the hearing, Defendant Klockemann's counsel did not object to the Court issuing a TRO in this case.  And upon representation of Plaintiff's counsel, it appears that Defendant Copley Motorcars has voluntarily agreed "to hold and to prevent the spoliation of the vehicle in [Copley's] possession" for ten days, thus suggesting that it will not be terribly inconvenienced by a brief restraining order.  Doc. 7 at ¶ 16.

[10] *See* Fed. R. Civ. P. 65(b)(2).

[11] *See* Fed. R. Civ. P. 65(c).