UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| EMIL ROSUL, | : |  |
|  | : | CASE NO. 1:15-CV-00996 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. Nos. 24, 31, 38] |
| JURGEN KLOCKEMANN, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jurgen Klockemann moves the Court to dismiss this case, principally arguing that the Court lacks personal jurisdiction over him. Separately, Plaintiff Emil Rosul moves to strike[1] several affirmative defenses in Defendant's Answer.

Defendant Klockemann argues that the Court has no personal jurisdiction over him, that venue is improper in the Northern District of Ohio, and that two of the counts in Plaintiff's Complaint[2] are insufficiently pleaded.

Plaintiff Rosul opposes[3] Defendant's motion to dismiss and argues that many of the affirmative defenses from Defendant's Answer[4] are insufficiently pleaded.[5]

Defendant asks that the Court stay its ruling on Plaintiff's motion to strike pending a

---

[1] Doc. 31.
[2] Doc. 1.
[3] Doc. 36.
[4] Doc. 23.
[5] Doc. 31.

-1-

Case No. 1:15-CV-00996
Gwin, J.

decision on Defendant's motion to dismiss.[6]

For the following reasons, the Court **DENIES** Defendant's motion to dismiss, **DENIES** Plaintiff's motion to strike Defendant's affirmative defenses, and **DISMISSES** Defendant's motion to stay as moot.

## I. Background

Plaintiff Rosul, an Ohio citizen, owns a rare 1971 Mercedes Benz convertible ("Rosul Mercedes").[7] Plaintiff contacted Copley Motorcars Corporation ("Copley") about restoring the Mercedes. Copley recommended Defendant Klockemann for the restoration. Defendant Klockemann is a California citizen. Plaintiff believed Defendant to be an expert on the subject of restoring German cars. Copley and Defendant had a business relationship prior to the referral.[8]

In fall 2013, Plaintiff contracted with Defendant to restore the Mercedes. Plaintiff then sent his car, the Rosul Mercedes, to Defendant in California. At the same time and unknown to Plaintiff, Defendant was also restoring a similar car for Copley ("Copley Mercedes"). Defendant worked on the Rosul Mercedes for several months and Plaintiff Rosul paid over $100,000 for the work.[9]

In late December 2013, Plaintiff and Defendant communicated about rebuilding the original transmission.[10] Plaintiff claims that Defendant falsely represented that the transmission should be rebuilt. Allegedly, Defendant then took the original, more valuable, transmission from

---

[6] Doc. 38.
[7] Doc. 1.
[8] *Id.*
[9] *Id.*; Doc. 1-4.
[10] Doc. 1-6–1-7.

Case No. 1:15-CV-00996
Gwin, J.

the Rosul Mercedes and put it into the Copley Mercedes.[11] This, along with other changes and allegedly sloppy repair work, depreciated the Rosul Mercedes' value by $160,000.[12]

After learning about the transmission switch, Plaintiff Rosul asked Defendant Klockemann to return the original transmission to the Rosul Mercedes. Defendant Klockemann then returned the Rosul Mercedes to Plaintiff in Ohio without replacing the original transmission into the Rosul Mercedes. In July 2014, Plaintiff realized that the replacement transmission was still in the Rosul Mercedes and that the replacement transmission was otherwise damaged.[13]

Claiming diversity jurisdiction, Plaintiff filed the Complaint on May 19, 2015. The Complaint alleges the Defendant violated the Ohio Consumer Protection Act,[14] and alleges fraud, breach of contract, unjust enrichment, and conversion.[15]

On June 18, 2015, Defendant filed an Answer and a motion to dismiss.[16] In his Answer Defendant raises seventeen affirmative defenses.

In the motion to dismiss Defendant argues that the Court "lacks personal jurisdiction over Klockemann under both the Ohio long-arm statute and the Constitution of the United States," that "venue is more proper in . . . the Northern District of California," and that "Plaintiff's Complaint fails to meet the heightened pleading standards . . . for claims of fraud and breach of contract."[17]

---

[11] Doc. 1-9.
[12] Doc. 1-11.
[13] Doc. 1.
[14] Ohio Rev. Code § 1345.
[15] Doc. 1.
[16] Doc. 23.
[17] Doc. 24.

Case No. 1:15-CV-00996
Gwin, J.

Plaintiff has also filed a motion to strike several of Defendant's affirmative defenses on July 7, 2015.[18] With that motion, Plaintiff asks the Court to strike fourteen of Defendant's seventeen affirmative defenses.[19] Defendant Klockemann filed a motion to stay the ruling on Plaintiff's motion to strike on July 21, 2015.[20] The Court will address each of the parties' motions.

**II. Discussion**

A. *Defendant Klockemann's Motion to Dismiss*

Defendant makes five main requests in his motion to dismiss. First, he asks the Court to dismiss the case for lack of personal jurisdiction, arguing that the Ohio long-arm statute does not reach Defendant and because Defendant does not have sufficient contacts with Ohio consistent with due process. Defendant argues that because his only business relationship in Ohio is with Plaintiff, the Court does not have personal jurisdiction over Defendant.

Second, Defendant asks the Court to dismiss the case for improper venue because there are insufficient acts, omissions, or property situated within the state to make the Northern District of Ohio the proper venue. Third, Defendant asks, if the Court denies Defendant's motion to dismiss for improper venue, that the Court transfer the case to the Northern District of California because the Defendant resides in California and the alleged misconduct occurred there.

Fourth, Defendant asks the Court to dismiss the fraud and breach of contract claims as insufficiently pleaded. Fifth, Defendant asks, if the Court denies Defendant's motion to dismiss

---

[18] Doc. 31.
[19] *Id.*; *see* Doc. 23.
[20] Doc. 38.

-4-

Case No. 1:15-CV-00996
Gwin, J.

for insufficient pleadings, that the Court order Plaintiff to provide a more definite statement as to these allegations.[21]

Plaintiff argues that the Court has specific personal jurisdiction over Defendant, that venue is proper in the Northern District of Ohio, and that all of Plaintiff's allegations are sufficiently pleaded.[22]

For the following reasons, the Court **DENIES** Defendant's motion.

i. Personal Jurisdiction

Where a court has not held an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing of jurisdiction.[23] In such circumstances, a court must consider the pleading and other documentary evidence in the light most favorable to the plaintiff without considering controverting assertions of the defendant.[24]

In determining whether personal jurisdiction exists in this case, the Court must determine whether Ohio's long-arm statute would allow service of process on Defendant and whether the exercise of personal jurisdiction would deny Defendant his due process rights.[25]

    a. Ohio's Long-arm Statute

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[26] "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a

---

[21] Doc. 24.
[22] Doc. 36.
[23] *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168–69 (6th Cir. 1988).
[24] *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003); *Dean*, 134 F.3d at 1272.
[25] *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).
[26] *Id.* (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)).

Case No. 1:15-CV-00996
Gwin, J.

court of general jurisdiction in the state where the district court is located.'"[27] Therefore, Ohio's long-arm statute[28] controls the Court's exercise of personal jurisdiction over Defendant.

The Court finds that the Ohio long-arm statute allows for valid service of process on Defendant Klockemann. Ohio's long-arm statute permits the exercise of personal jurisdiction over foreign defendants in several circumstances. Two of those circumstances are relevant for this case: "[t]ransacting any business in [Ohio],"[29] and "[c]ausing tortious injury in [Ohio] to any person by an act outside this state committed with the purpose of injuring persons, when [Defendant] might reasonably have expected that some person would be injured thereby in [Ohio]"[30] both allow personal jurisdiction.

In this case Defendant contracted with Plaintiff, an Ohio resident, to restore Plaintiff's car. Plaintiff then shipped the car from Ohio and Defendant returned the car to Ohio after several months. Though Defendant did not do the restoration work in Ohio, persistently communicating with Defendant and performing work on the Rosul Mercedes satisfies the Ohio long-arm statute's "transacting any business" component.

Furthermore, Plaintiff alleges that Defendant intentionally and tortiously converted the original transmission from the Rosul Mercedes. Read in the light most favorable to Plaintiff, Defendant would reasonably expect that Plaintiff would be injured in Ohio. Defendant knew that Plaintiff lived in Ohio and Defendant returned the arguably damaged Rosul Mercedes to Ohio. Therefore, Defendant's conduct satisfies the Ohio long-arm statute's "tortious injury" component.

       *b. Due Process*

---

[27] *Id.* (quoting Fed. R. Civ. P. 4(k)(1)(A)).
[28] Ohio Rev. Code 2307.382.
[29] Ohio Rev. Code 2307.382(A)(1).
[30] Ohio Rev. Code 2307.382.(A)(6).

Case No. 1:15-CV-00996
Gwin, J.

In addition to the wording of the long-arm statute itself, "[t]he Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."[31] "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'"[32]

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on "the relationship among the defendant, the forum, and the litigation."'"[33] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."[34]

The Sixth Circuit distilled three criteria to determine whether the exercise of personal jurisdiction over a particular defendant is constitutional:

> First, the defendant must purposefully avail himself of the privilege of acting . . . or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts . . . or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.[35]

The Court's exercise of specific personal jurisdiction over Defendant Klockemann is consistent with due process. First, Defendant purposefully availed himself of the benefits of the state of Ohio. He did so when he contracted with Plaintiff to perform restoration work on the Rosul Mercedes, communicated with Plaintiff about the work over the course of several months,

---

[31] *Walden*, 134 S. Ct. at 1121 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).
[32] *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
[33] *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1985)).
[34] *Id.*
[35] *S. Mach. Co. v. Mahasco Ind., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Case No. 1:15-CV-00996
Gwin, J.

and accepted payment from Plaintiff, an Ohio citizen, from Plaintiff's Ohio checking account.[36]

Second, all of the causes of action that Plaintiff raises relate to Defendant Klockemann's activities in Ohio. All of the causes of action relate to the allegedly fraudulent and improper restoration work that Defendant Klockemann performed on the Rosul Mercedes. The restoration gives the Court personal jurisdiction in this case.

Therefore, personal jurisdiction in this case satisfies the second minimum contacts requirement because all of the causes of action arise from Defendant Klockemann's activities in Ohio.

Third, Defendant Klockemann's conduct is substantially connected to Ohio. As explained above, Defendant contracted with Plaintiff Rosul, an Ohio citizen, communicated with Plaintiff regularly, performed work on a car from Ohio, returned the car to Ohio, and accepted payments from an Ohio checking account. Defendant's business relationship with Plaintiff lasted over a period of several months. This conduct is sufficiently connected to Ohio to make the exercise of specific personal jurisdiction over Defendant in Ohio courts reasonable and just. The Court therefore **DENIES** Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(2).

ii. Venue

Defendant also argues that venue is improper in the Northern District of Ohio. Defendant asks the Court to dismiss the case[37] or to transfer it[38] to the Northern District of California.

Dismissal under Fed. R. Civ. P. 12(b)(3) is only appropriate when a district court

---

[36] Doc. 1-4.
[37] Fed. R. Civ. P. 12(b)(3).
[38] 28 U.S.C. § 1404(a).

Case No. 1:15-CV-00996
Gwin, J.

determines venue to be improper under 28 U.S.C. § 1391.[39] Under § 1391, "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[40]

In this case, the property that is the subject matter of all of Plaintiff's causes of action, the Rosul Mercedes, is situated in Ohio. Plaintiff shipped the Rosul Mercedes from Ohio to California and Defendant returned it to Ohio after working on it. This satisfies the "substantial part of property" requirement of § 1391. Venue is proper, making dismissal under Rule 12(b)(3) inappropriate in this case.

Defendant Klockemann also seeks to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a). The decision whether to transfer a case under § 1404(a) is within a district court's discretion.[41] Rather than look to the well-pleaded complaint, courts examine other evidence of convenience, public interest, and even the ends of justice.[42] "[I]n the typical case . . . a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations . . . weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote interest of justice."[43]

Defendant essentially argues that it would be inconvenient for him to defend this case in Ohio. However, it would be similarly inconvenient for Plaintiff to prosecute the case in

---

[39] 28 U.S.C. § 1391; *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, (2013).
[40] 28 U.S.C. § 1391(b)(2).
[41] *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).
[42] *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).
[43] *Atl. Marine Const. Co.*, 134 S. Ct. at 581.

Case No. 1:15-CV-00996
Gwin, J.

California. Moreover, the Rosul Mercedes, which would be relevant evidence in a trial in this case, is in Ohio. Finally, other potential witnesses, such as representatives from Copley, which is located in Massachusetts,[44] are closer to Ohio than to California.

As a result, transferring the case to California would be more inconvenient on balance than keeping it in Ohio. Ohio also has an interest in ensuring that its residents can get justice for wrongs that others commit against them. Therefore, the Court **DENIES** Defendant's motions to dismiss under Rule 12(b)(3), transfer under § 1404(a), and request for an evidentiary hearing under Fed. R. Civ. P.12(i).

### iii. Insufficient Pleadings

Defendant asks the Court to dismiss the fraud and breach of contract counts from Plaintiff's Complaint. Defendant argues that the breach of contract claim is insufficiently pleaded under Fed. R. Civ. P. 8[45] and that the fraud claim is insufficiently pleaded under Fed. R. Civ. P. 9(b)[46].

With his complaint, Plaintiff alleges sufficient facts to raise a breach of contract. Plaintiff alleges that Plaintiff and Defendant entered into a contract to restore the Rosul Mercedes, that Plaintiff performed his end of the bargain by paying over $100,000, that Defendant breached by failing to restore the vehicle and by keeping original parts, and that Plaintiff suffered damages as

---

[44] Doc. 1.
[45] Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").
[46] Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

-10-

Case No. 1:15-CV-00996
Gwin, J.

a result.[47] Therefore, the Court **DENIES** Defendant's motion to dismiss the breach of contract claim.

Plaintiff also pleads sufficient facts to meet the heightened standard for fraud claims under the Sixth Circuit's interpretation of Rule 9(b).[48] Plaintiff alleges that Defendant made several knowingly false misrepresentations regarding Defendant's ability and inclination to restore the Rosul Mercedes, the need to rebuild the original transmission, and what Defendant did with the original transmission. Plaintiff also pleads justified reliance on Defendant's misrepresentations, Defendant's fraudulent scheme, Defendant's intent to defraud Plaintiff, damages, and location of the fraud.

Plaintiff does not specifically mention the times of the misrepresentations. However, the Complaint generally describes the time frame of the communications. Many of the alleged misrepresentations took place by email, which Plaintiff attaches as exhibits to the Complaint and which include timestamps.[49] Therefore, the Court finds that Plaintiff's Complaint satisfies the requirements for pleading fraud under Rule 9(b). The Court **DENIES** Defendant's motion to dismiss Plaintiff's fraud and breach of contract allegations and Defendant's motion for a more definite statement.

*B. Plaintiff Rosul's Motion to Strike Defendant Klockemann's Affirmative Defenses.*

Plaintiff seeks to strike fourteen of the seventeen affirmative defenses raised in

---

[47] Doc. 1.
[48] *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) ("The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'") (Internal citations omitted).
[49] Doc. 1-7.

Case No. 1:15-CV-00996
Gwin, J.

Defendant's Answer.[50] Plaintiff argues that these defenses are insufficiently pleaded and therefore do not satisfy the heightened pleading requirements in *Ashcroft v. Iqbal*[51] and *Bell Atl. Corp. v. Twombly*.[52]

However, the pleading requirements in *Iqbal* and *Twombly* do not apply to affirmative defenses.[53] Rather, affirmative defenses need only provide fair notice to the opposing party "in short and plain terms."[54] Defendants are generally allowed to use generic or boilerplate language in their answers.

In this case Defendant uses generic and conclusory language in many of the challenged affirmative defenses.[55] However, the language is fairly calculated to apprise Plaintiff of the various affirmative defenses that Defendant Klockemann raises in this case. Without further discovery, the Court does not find any of the defenses to be "insufficient . . . redundant, immaterial, impertinent, or scandalous."[56] Therefore, the Court finds that Defendant's affirmative defenses are sufficiently pleaded. The Court **DENIES** Plaintiff Rosul's motion to strike Defendant's affirmative defenses.

*C. Defendant Klockemann's Motion to Stay*

Because the Court denies Plaintiff's motion to strike, Defendant's motion to stay ruling pending a ruling on Defendant's motion to dismiss is now moot. Therefore, the Court

---

[50] Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").
[51] 556 U.S. 662, 677–78, 129 (2009).
[52] 550 U.S. 544, 555–56 (2007).
[53] *Revocable Living Trust of Stewart I v. Lake Erie Utilities Co.*, 2015 WL 2097738, at *4 (N.D. Ohio 2015).
[54] Fed. R. Civ. P. 8(b)(1)(A).
[55] Doc. 23.
[56] Fed. R. Civ. P. 12(f).

Case No. 1:15-CV-00996
Gwin, J.

**DISMISSES** Defendant's motion to stay ruling on Plaintiff's motion to strike.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss, **DENIES** Plaintiff's motion to strike affirmative defenses, and **DISMISSES** Defendant's motion to stay.

IT IS SO ORDERED.


Dated: September 8, 2015                                  s/    *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE